STATE OF NORTH CAROLINA v. BILLY GENE WILLIAMS

No. COA10-347

(Filed 19 October 2010)

1. **Appeal and Error— writ of certiorari—jurisdiction—insufficient oral notice of appeal from satellite-based monitoring order**

   Although defendant's oral notice of appeal from the trial court's order enrolling defendant in satellite-based monitoring was insufficient to confer jurisdiction on the Court of Appeals, the Court granted defendant's petition for writ of *certiorari* to address the merits of his appeal under N.C. R. App. P. 21.

2. **Satellite-Based Monitoring— enrollment in lifetime satellite-based monitoring—sexually violent offense—taking indecent liberties with child—recidivist**

   The trial court did not err by requiring defendant to enroll in lifetime satellite-based monitoring. Although findings 1 and 5 were not supported by competent evidence, the order was supported by necessary findings and was not itself erroneous.

STATE v. WILLIAMS

[207 N.C. App. 499 (2010)]

**3. Constitutional Law— ex post facto laws—double jeopardy— no violation for enrollment in satellite-based monitoring**

A defendant's enrollment in satellite-based monitoring (SBM) did not violate the prohibitions against *ex post facto* laws and double jeopardy. SBM is a civil remedy, and thus, application of SBM provisions do not violate the *ex post facto* clause. Further, double jeopardy does not apply since SBM is a civil regulatory scheme and not a punishment. The Court of Appeals declined to take judicial notice of the North Carolina Department of Correction Interim Policy.

Appeal by Defendant from orders entered by Judge William R. Pittman in Wake County Superior Court. Heard in the Court of Appeals 16 September 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Peter A. Regulski, for the State.*

*W. Michael Spivey for Defendant.*

STEPHENS, Judge.

*Facts*

On 27 October 2008, Defendant was indicted on two counts of taking indecent liberties with a child in violation of N.C. Gen. Stat. § 14-202.1. Defendant entered into a plea agreement with the State, in which Defendant entered an *Alford* guilty plea[1] to the two counts of indecent liberties in exchange for the State's agreement to drop several other charges pending against Defendant.

On 1 December 2009, pursuant to Defendant's plea agreement, the trial court sentenced Defendant to 39 to 47 months in the custody of the Department of Correction for each charge.

At the conclusion of sentencing, the trial court conducted a hearing pursuant to N.C. Gen. Stat. § 14-208.40A to determine Defendant's eligibility for enrollment in a satellite-based monitoring ("SBM") program. Following the hearing, the court entered its Judicial Findings and

---

1. "A defendant enters into an *Alford* plea when he proclaims he is innocent, but 'intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.'" *State v. Chery,* —— N.C. App. ——, ——, 691 S.E.2d 40, 44 (2010) (quoting *North Carolina v. Alford,* 400 U.S. 25, 37, 27 L. Ed. 2d 162, 171 (1970)).

Order for Sex Offenders—Active Punishment ("Order")[2], in which the court found Defendant to be a recidivist as defined by N.C. Gen. Stat. § 14-208.6(2b) and ordered Defendant to be enrolled in SBM for his natural life pursuant to N.C. Gen. Stat. § 14-208.40A(c). From the SBM Order, Defendant appeals.

### Grounds for Appellate Review

[1] At Defendant's 1 December 2009 SBM hearing, Defendant gave oral notice of appeal from the trial court's Order enrolling Defendant in SBM. This Court has held that "SBM hearings and proceedings are not criminal actions, but are instead a 'civil regulatory scheme[.]' " *State v. Brooks*, —— N.C. App. ——, ——, 693 S.E.2d 204, 206 (2010) (quoting *State v. Bare*, —— N.C. App. ——, ——, 677 S.E.2d 518, 527 (2009)). Accordingly, Defendant's oral notice of appeal is insufficient to confer jurisdiction on this Court. *See Brooks*, —— N.C. App. at ——, 693 S.E.2d at 206 (holding that oral notice of appeal from an SBM hearing or proceeding is insufficient to confer jurisdiction on this Court, and instructing that a defendant must, instead, give written notice of appeal with the clerk of superior court and serve copies of such notice upon all parties pursuant to N.C. R. App. P. 3(a)).

However, on 7 June 2010, Defendant filed with this Court a petition for writ of *certiorari*. In his petition, Defendant asserts that *Brooks* was not decided until 18 May 2010, nearly six months after Defendant's oral notice of appeal. According to Defendant, "[t]he state of the law at the time [notice of appeal was given] was such that trial counsel reasonably believed that oral notice of appeal was appropriate and sufficient."

Although SBM proceedings were considered part of a "civil regulatory scheme" at the time of Defendant's appeal, *Bare*, —— N.C App. at ——, 677 S.E.2d at 527, such that written notice of appeal was required at the time, in the interest of justice we elect to grant Defendant's petition for writ of *certiorari* and address the merits of his appeal pursuant to N.C. R. App. P. 21 (2010).

### Discussion

[2] Defendant first argues that the trial court erred in requiring Defendant to enroll in lifetime SBM on the ground that the evidence did not support its findings of fact and the Order.

---

2. For each charge against Defendant, the trial court entered identical, but separate, Orders enrolling Defendant in SBM. Although Defendant appeals from each Order, for ease of discussion, we refer to the two Orders as the "Order." Any findings made by this Court respecting the Order should be read to refer to both Orders.

Regarding a trial court's entry of an SBM order, " 'we review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found.' " *State v. Kilby,* —— N.C. App. ——, ——, 679 S.E.2d 430, 432 (2009) (quoting *State v. Garcia,* 358 N.C. 382, 391, 597 S.E.2d 724, 733 (2004), *cert. denied,* 543 U.S. 1156, 161 L. Ed. 2d 122 (2005)).

In this case, the trial court entered its Order on the Administrative Office of the Courts ("AOC") form AOC-CR-615. In the Order, the trial court found that (1) Defendant has been convicted of a reportable conviction under N.C. Gen. Stat. § 14-208.6, specifically an offense against a minor under N.C. Gen. Stat. § 14-208.6(1i); (2) Defendant has not been classified as a sexually violent predator; (3) Defendant is a recidivist; (4) the offense of conviction is not an aggravated offense; (5) the offense of conviction did involve the physical, mental, or sexual abuse of a minor, and based on the risk assessment of the Department of Correction, Defendant requires the highest possible level of supervision and monitoring.

Based on these findings, the trial court ordered that Defendant be enrolled in SBM as follows:

> It is further ordered that [D]efendant shall[,] upon release from imprisonment, be enrolled in a satellite-based monitoring program for his[] natural life, unless the monitoring program is terminated pursuant to G.S. 14-208.43.

On appeal, Defendant argues that findings 1 and 5 in the Order are not supported by competent evidence and that, as a result, the Order "does not contain the findings necessary to require [D]efendant to submit to lifetime satellite based monitoring[,]" such that the entry of the Order was error. Defendant asks that this Court remand this case "to the trial court for it to make appropriate findings and enter an appropriate order."

We agree with Defendant's assertions that findings 1 and 5 are erroneous. With respect to finding 1, the trial court should have found that Defendant had been convicted of "a sexually violent offense under G.S. 14-208.6(5)" instead of "an offense against a minor under G.S. 14-208.6(1i)[.]" Defendant was not convicted of "an offense against a minor," as that phrase is defined in N.C. Gen. Stat. § 14-208.6 (2009).[3]

---

3. N.C. Gen. Stat. § 14-208.6 was amended in 2008 such that section 14-208.6(1i), which prior to the amendment defined "[o]ffense against a minor," now defines

Rather, Defendant's indecent Stat. § 14-208.6(5). In its brief, the State concedes that this finding was error.

With respect to finding 5, Defendant's conviction did not involve abuse of a minor, as that phrase is defined in Article 27A of Chapter 14, such that the trial court should not have found that Defendant's conviction "did involve the physical, mental, or sexual abuse of a minor." The State also concedes that finding 5 was error.

Although we have determined that findings 1 and 5 were not supported by competent evidence, we nevertheless conclude that the trial court's order enrolling Defendant in lifetime SBM is supported by necessary findings such that the Order itself is not erroneous.

Enrollment in an SBM program is governed by N.C. Gen. Stat. § 14A-208.40A. Accordingly, before enrolling a defendant in lifetime SBM, the trial court must meet the requirements set forth in, and follow the procedures outlined in, N.C. Gen. Stat. § 14-208.40A. *See State v. Smith,* —— N.C. App. ——, 687 S.E.2d 525 (2010) (holding that the trial court erred in ordering lifetime SBM for defendant because it did not follow the procedures in N.C. Gen. Stat. § 14-208.40A).

N.C. Gen. Stat. § 14-208.40A provides in relevant part:

(a) *When an offender is convicted of a reportable conviction as defined by G.S. 14-208.6(4), during the sentencing phase, the district attorney shall present to the court any evidence that* (i) the offender has been classified as a sexually violent predator pursuant to G.S. 14-208.20, *(ii) the offender is a recidivist,* (iii) the conviction offense was an aggravated offense, (iv) the conviction offense was a violation of G.S. 14-27.2A or G.S. 14-27.4A, *or* (v) the offense involved the physical, mental, or sexual abuse of a minor. The district attorney shall have no discretion to withhold any evidence required to be submitted to the court pursuant to this subsection.

The offender shall be allowed to present to the court any evidence that the district attorney's evidence is not correct.

---

"[i]nternet." 2008 N.C. Sess. Laws ch. 220, § 1. "Offense against a minor" is now defined in section 14-208.6(1m). *Id.* This amendment became effective "May 1, 2009, and applies to persons who are required to be registered . . . on or after that date." *Id.* Although Defendant was required to be registered after the date the amendment became effective, Defendant was neither convicted of an offense against a minor nor convicted of an internet offense. It is clear from the record that the trial court completed its Order on an outdated AOC form.

(b) After receipt of the evidence from the parties, the court shall determine whether the offender's conviction places the offender in one of the categories described in G.S.14-208.40 (a), *and if so, shall make a finding of fact of that determination, specifying whether* (i) the offender has been classified as a sexually violent predator pursuant to G.S. 14-208.20, *(ii) the offender is a recidivist,* (iii) the conviction offense was an aggravated offense, (iv) the conviction offense was a violation of G.S. 14-27.2A or G.S. 14-27.4A, *or* (v) the offense involved the physical, mental, or sexual abuse of a minor.

(c) *If the court finds that the offender* has been classified as a sexually violent predator, *is a recidivist,* has committed an aggravated offense, *or* was convicted of G.S. 14-27.2A or G.S. 14-27.4A, *the court shall order the offender to enroll in a satellite-based monitoring program for life.*

N.C. Gen. Stat. § 14-208.40A (2009) (emphasis added).

In this case, Defendant was convicted of a "reportable conviction as defined by G.S. 14-208.6(4)[.]" A reportable conviction is defined as "[a] final conviction for . . . a sexually violent offense[.]" N.C. Gen. Stat. § 14-208.6 (2009). A " '[s]exually violent offense' means a violation of . . . G.S. 14-202.1 (taking indecent liberties with children)[.]" N.C. Gen. Stat. § 14-208.6(5). Defendant pled guilty to two counts of taking indecent liberties with a child. These offenses are sexually violent offenses, convictions for which are reportable.

At sentencing, pursuant to section 14-208.40A(a), the State presented to the court evidence that Defendant is a recidivist. Specifically, the State offered unopposed evidence that Defendant had been convicted of indecent liberties with a child in 1990. The statutory scheme defines a recidivist as a person "who has a prior conviction for an offense that is described in G.S. 14-208.6(4)." N.C. Gen. Stat. § 14-208.6(2b). As discussed above, section 14-208.6(4) includes indecent liberties with a child.

Following the State's presentation of the above evidence, and pursuant to section 14-208.40A(b), the trial court made a finding of fact in the Order specifying that Defendant is a recidivist.

Finally, pursuant to section 14-208.40A(c), because the court found that Defendant is a recidivist, the trial court ordered Defendant to enroll in SBM for life.

Based on the foregoing, we conclude that the trial court's Order fully complied with the requirements set forth in N.C. Gen. Stat.

§ 14-208.40A, which outlines the procedure for enrolling a defendant in an SBM program. Accordingly, the Order is sufficient to require Defendant's enrollment in lifetime SBM. The findings entered in error are not necessary to support the Order and are mere surplusage. Defendant's argument is overruled.

[3] Defendant next argues that his enrollment in SBM violates the prohibitions against *ex post facto* laws and double jeopardy, as contained in the North Carolina and United States Constitutions.

In accord with our prior cases regarding sex offender registration, "we again conclude that Article 27A of Chapter 14 of the North Carolina General Statutes . . . was intended as 'a civil and not a criminal remedy[.]' " *Bare*, —— N.C. App. at ——, 677 S.E.2d at 527 (quoting *State v. Sakobie*, 165 N.C. App. 447, 452, 598 S.E.2d 615, 618 (2004)). Because this Court has found that SBM is a civil remedy, "application of the SBM provisions do not violate the *ex post facto* clause." *Id.* at ——, 677 S.E.2d at 531.

As for Defendant's double jeopardy argument, this Court has previously held that

> an argument that SBM violates double jeopardy would fail because SBM is a civil regulatory scheme. Defendant has not been prosecuted a second time for any previously committed offenses, but contends he has been subjected to additional punishments. As we have already held that SBM is a civil regulatory scheme, and not a punishment, double jeopardy does not apply. This argument is without merit.

*State v. Wagoner*, —— N.C. App. ——, ——, 683 S.E.2d 391, 400 (2009) (citation omitted).

In light of this Court's previous decisions, we are constrained to hold that Defendant's enrollment in SBM is not punishment. *See In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

As a means of distinguishing this case from the *Bare* and *Wagoner* cases, Defendant invites this Court to take judicial notice of—and base its decision on—the North Carolina Department of Correction Policies—Procedures, No. VII.F Sex Offender Management Interim Policy 2007 ("Interim Policy"). Defendant asserts that "the impact of the Department of Correction[] regulations implementing satellite based monitoring was argued in the trial court." However, neither party

specifically mentioned the Interim Policy before the trial court, and there are no findings by the trial court as to the Interim Policy or its effect on Defendant. Rather, at trial, Defendant only mentioned the dissent in *State v. Morrow,* —— N.C. App. ——, 683 S.E.2d 754 (2009), which itself discusses the Interim Policy, and a 21 December 2006 Department of Correction administrative memorandum defining "recidivist." We further note that the Interim Policy is not included in the record for this appeal, but rather is appended to Defendant's brief.

As this Court held in *State v. Vogt,* —— N.C. App. ——, 685 S.E.2d 23 (2009),

> [a] decision to judicially notice the [Interim Policy] in this case does not simply have the effect of filling a gap in the record or supplying a missing, essentially undisputed fact; instead, judicially noticing the [Interim Policy] in this case introduces a large volume of additional information which has not been subjected to adversarial testing in the trial courts.

*Id.* at ——, 685 S.E.2d at 26. For these reasons, we decline to take judicial notice of the Interim Policy. The SBM Order of the trial court is

AFFIRMED.

Judge JACKSON concurs.

Judge ELMORE concurs in the result only.