STATE OF NORTH CAROLINA v. DANNY TOBUIS MANN, JR.

No. COA10-1186

(Filed 2 August 2011)

**Satellite-Based Monitoring—indecent liberties with child— sexual activity by substitute parent—finding of aggravated offense erroneous**

The trial court erred in an indecent liberties with a child and sexual activity by a substitute parent case by ordering defendant to register as a sex offender and enroll in satellite-based monitoring for his natural life. The trial court's finding that defendant committed an aggravated offense was erroneous and the trial court's consideration of the risk assessment before deciding whether defendant committed an aggravated offense was not harmless error.

Appeal by defendant from judgments entered 19 July 2010 by Judge Jack W. Jenkins in Onslow County Superior Court. Heard in the Court of Appeals 9 March 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Peter A. Regulski, for the State.*

*Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for defendant-appellant.*

GEER, Judge.

Defendant challenges an order requiring him to register as a sex offender and enroll in satellite-based monitoring ("SBM") for his natural life. We agree with defendant that the trial court erred in failing to follow the procedural framework set out in N.C. Gen. Stat. § 14-208.40A (2009). Accordingly, we must vacate the judgment and remand for further proceedings consistent with N.C. Gen. Stat. § 14-208.40A.

Facts

On 12 January 2010, defendant was indicted in 09 CRS 51183 for statutory rape, indecent liberties with a child, and felony child abuse by a sexual act. In 09 CRS 51184, defendant was indicted for contributing to the delinquency of a minor and sexual battery. On 19 July 2010, defendant entered into a plea agreement in which the State agreed to dismiss with prejudice the first degree rape charge in exchange for defendant's pleading guilty to the remaining charges.[1]

---

1. Ultimately, the State dismissed the felony child abuse charge as well as the first degree rape charge.

In accordance with this plea arrangement, on 19 July 2010, defendant was charged by a superceding information in 09 CRS 51183 with one count of indecent liberties with a child and one count of sexual activity by a substitute parent. On the same day, defendant pled guilty to the charges in the superceding information and to the charges in the indictment in 09 CRS 51184.

The State presented the following factual basis for the plea. Defendant lived with "Alice," her daughter "Mary," and Alice's other children between 1 August 2007 and 30 October 2008.[2] Mary was born 13 October 2004. While living with Alice and her children, defendant acted as a substitute parent when Alice was not present.

On 3 October 2008, Mary was playing with Barbie dolls in a sexual manner at her aunt's home. When Mary's aunt asked her about what she was doing, Mary disclosed that defendant had "put his thingy in her private part." Her aunt took her to the local emergency room where the emergency room doctor noted redness of the skin and a contusion to Mary's labia and hymen, findings that are unusual for a four-year-old girl.

On 6 February 2009, Mary was taken to the Teddy Bear Clinic. During her interview at the clinic, Mary reported that defendant had put his penis in her vagina when her mother was not at home. She was also examined by Dr. Michael Reickel who observed physical findings consistent with a penetrating genital injury. Dr. Reickel concluded that it was highly probable that Mary had suffered a prior sexual injury based on her history, a review of the emergency room records, her interview at the Teddy Bear Clinic, and his exam.

The trial court sentenced defendant to a presumptive-range term of 34 to 50 months imprisonment for the charge of sex offense in a parental role, a consecutive presumptive-range term of 21 to 26 months imprisonment for the indecent liberties charge, a consecutive term of 150 days for the sexual battery charge, and a consecutive term of 120 days for contributing to the delinquency of a minor. The trial court then turned to the issue of sex offender registration and SBM. Following a hearing on the two issues, the court entered Judicial Findings and Order for Sex Offenders—Active Punishment, AOC Form CR-615, Rev. 12/09, with respect to the sex offense in a parental role conviction.

---

2. "Alice" and "Mary" are pseudonyms used to protect Mary's privacy and for ease of reading.

In the order, the trial court found that defendant had not been classified as a sexually violent predator and was not a recidivist, but that the offense committed was an aggravated offense. The trial court also found that the offense "did involve the physical, mental, or sexual abuse of a minor" and, based on the risk assessment performed by the Department of Correction, that defendant requires the highest possible level of supervision. Based on these findings, the trial court ordered that defendant, upon release from prison, register as a sex offender and enroll in SBM for the rest of his natural life. Defendant gave oral notice of appeal in open court.

### Petition for Writ of Certiorari

Defendant petitions this Court for writ of certiorari because he failed to file written notice of appeal as required by *State v. Brooks*, ___ N.C. App. ___, ___, 693 S.E.2d 204, 206 (2010) (holding oral notice pursuant to N.C.R. App. P. 4(a)(1) insufficient to confer jurisdiction on this Court because SBM hearings involve a civil " 'regulatory scheme' " (quoting *State v. Bare*, 197 N.C. App. 461, 472, 677 S.E.2d 518, 527 (2009), *disc. review denied*, 364 N.C. 436, 702 S.E.2d 492 (2010)). The *Brooks* opinion was filed 18 May 2010 and defendant was sentenced two months later on 19 July 2010. Because *Brooks* was filed only two months before defendant's sentencing, we choose, in our discretion, to allow the petition for writ of certiorari.

### Discussion

Defendant first contends the trial court erred by not following the procedural framework of N.C. Gen. Stat. § 14-208.40A. N.C. Gen. Stat. § 14-208.40A requires the trial court to first determine whether the defendant was found guilty of a reportable conviction, which includes "an offense against a minor, a sexually violent offense, or an attempt to commit any of those offenses unless the conviction is for aiding and abetting." N.C. Gen. Stat. § 14-208.6(4)(a) (2009).

If the trial court finds the existence of a reportable conviction, then, under subsection (b) of the statute, N.C. Gen. Stat. § 14-208.40A(b), the court must make a finding whether defendant falls within any one of the following categories set out in N.C. Gen. Stat. § 14-208.40(a): "(i) the offender has been classified as a sexually violent predator pursuant to G.S. 14-208.20, (ii) the offender is a recidivist, (iii) the conviction offense was an aggravated offense, (iv) the conviction offense was a violation of G.S. 14-27.2A or G.S. 14-27.4A, or (v) the offense involved the physical, mental, or sexual abuse of a minor." If

the defendant falls within one of the first four categories, then, under subsection (c) of the statute, the trial court shall order SBM for life. N.C. Gen. Stat. § 14-208.40A(c).

If the trial court has determined that the defendant did not fall into categories (i) through (iv) of N.C. Gen. Stat. § 14-208.40A(b) but that he committed an offense involving the physical, mental, or sexual abuse of a minor, N.C. Gen. Stat. § 14-208.40A(b)(v), the court must, under subsection (d), order the Department of Correction to do a risk assessment of the defendant. N.C. Gen. Stat. § 14-208.40A(d). Once the trial court receives the risk assessment, subsection (e) requires that the court must determine, based on that assessment, whether the defendant requires the highest level of supervision and monitoring. N.C. Gen. Stat. § 14-208.40A(e). If the court determines that the defendant does require the highest level, then subsection (e) provides that the court must order the defendant to enroll in SBM "for a period of time to be specified by the court." *Id.*

Here, rather than following this procedure, the trial court stated during the hearing:

We really have a couple of categories relevant to the cases here. One of them is whether this is an aggravated offense; the other deals with physical, mental, or sexual abuse of a minor. Let me jump to that one first. On the form it's number 5, but the Court is going to find that the offense did involve the physical, mental, or sexual abuse of a minor. And I have received a STATIC-99 form [the Department of Correction risk assessment] that's been pre- pared today, which was reflected in an ultimate score of 5, and based on the manner in which this form is interpreted, a score of 5 places the defendant in a moderate to high category for risk. And based on that, and based on all other matters brought before the Court, giving due consideration to the plea arrangement and the nature of the plea, the Court is going to find that [the offense] did involve physical, mental, or sexual abuse of a minor, and the Court's further going to find that this does require the highest possible level of supervision and monitoring.

The trial court then said that it was "[g]etting back to the one about aggravated offense" and that the court was "concerned about that one."

After hearing oral argument, the court announced it was

going to find that this is an aggravated offense under that cat- egory 4, so based on that, as to the Court's ultimate disposition

and order as to registration, the Court is going to require registration for the duration of [defendant's] natural life. And then as to satellite-based monitoring, upon release from the prison, defendant shall enroll in a satellite-based monitoring program for his natural life unless the monitoring program is terminated, pursuant to general statute 14-208.43.

Thus, the trial court addressed N.C. Gen. Stat. § 14-208.40A(b)(v) first and N.C. Gen. Stat. § 14-208.40A(i)-(iv) only secondarily.

This Court has held, however, that, after receiving evidence in a registration/SBM hearing, the trial court is required to *first* determine whether the defendant's conviction places him in one of the categories (i) through (iv) of N.C. Gen. Stat. § 14-208.40A(b) before determining that defendant falls under subsection (v). *State v. Davison*, 201 N.C. App. 354, 360, 689 S.E.2d 510, 514-15 (2009), *disc. review denied*, 364 N.C. 599, 703 S.E.2d 738 (2010). This Court explained in *Davison, id.*, 689 S.E.2d at 514, that this order of proceeding is mandated by N.C. Gen. Stat. § 14-208.40A(d), which provides that the Department of Correction shall be ordered to do a risk assessment only "[i]f the court finds that the offender committed an offense that involved the physical, mental, or sexual abuse of a minor, that the offense is not an aggravated offense or a violation of G.S. 14-27.2A or G.S. 14-27.4A and the offender is not a recidivist . . . ." N.C. Gen. Stat. § 14-208.40A(d).

In *Davison*, just as in this case, the trial court waited to decide whether the defendant fell within categories (i) through (iv) of N.C. Gen. Stat. § 14-208.40A(b) until after it had a chance to review the risk assessment. 201 N.C. App. at 360-61, 689 S.E.2d at 515. This Court concluded that this order of proceeding demonstrated "the trial court's intent to make a determination under subsection (b) based on information obtained in the risk assessment." *Id.* at 361, 689 S.E.2d at 515.

This Court explained further:

The statute does not provide that the trial court consider the result of a risk assessment in conjunction with the State's evidence at this point in the proceeding. The trial court erred by failing to follow the statutory framework provided by N.C.G.S. § 14-208.40A when it failed to properly make determinations pursuant to subsection (b). By failing to properly make these determinations, the court prematurely ordered the risk assessment and improperly considered sentencing pursuant to subsections (c) and (d) simultaneously.

*Id.* The Court then vacated the trial court's order and remanded for proceedings in accordance with N.C. Gen. Stat. § 14-208.40A. *Id.*

In this case, therefore, the trial court erred in considering the risk assessment before deciding whether defendant committed an aggravated offense. The State, however, contends that *State v. Williams*, ___ N.C. App. ___, ___ 700 S.E.2d 774, 776 (2010), establishes that any error was harmless. In *Williams*, the trial court found both that the defendant was a recidivist and that, based on the risk assessment, the defendant, who had committed an offense involving the physical, mental, or sexual abuse of a minor, required the highest possible level of supervision and monitoring. On appeal, this Court concluded that because the trial court correctly determined that defendant was a recidivist, the "findings entered in error [regarding the risk assessment] are not necessary to support the Order and are mere surplusage." *Id.* at ___, 700 S.E.2d at 777.

Here, in ordering lifetime registration and SBM, the trial court relied only on its finding that defendant committed an aggravated offense. The trial court expressly found that defendant had not been classified as a sexually violent predator and was not a recidivist, the only other bases for ordering lifetime registration and SBM. The State admits, however, that the trial court erred in finding that sex offense in a parental role was an aggravated offense.

An offense constitutes an "[a]ggravated offense" only when it "includes either of the following: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence; or (ii) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim who is less than 12 years old." N.C. Gen. Stat. § 14-208.6(1a). In *Davison*, this Court held that when deciding whether a criminal offense is an aggravated offense, "the trial court is only to consider the elements of the offense of which a defendant was convicted and is not to consider the underlying factual scenario giving rise to the conviction." 201 N.C. App. at 364, 689 S.E.2d at 517.

Defendant was convicted of violating N.C. Gen. Stat. § 14-27.7(a), which provides that a defendant who has assumed the position of a parent in the home of a minor victim is guilty of a Class E felony if he "engages in vaginal intercourse or a sexual act with a victim who is a minor residing in the home . . . ." "Proof of a 'sexual act' under G.S. 14-27.7 does not require, but may involve, penetration." *State v.*

*Hoover*, 89 N.C. App. 199, 208, 365 S.E.2d 920, 926, *cert. denied*, 323 N.C. 177, 373 S.E.2d 118 (1988).

Consequently, just as in *State v. Phillips*, ___ N.C. App. ___, ___, 691 S.E.2d 104, 107, *disc. review denied*, 364 N.C. 439, 702 S.E.2d 794 (2010), "without a review of 'the underlying factual scenario giving rise to the conviction,' which is prohibited under *Davison*, . . . , a trial court could not know whether an offender was convicted under N.C.G.S. § 14-318.4(a2) because he committed a sexual act involving penetration." The trial court, in this case, could not determine, based on the elements of the offense alone, that defendant had engaged in a sexual act involving penetration.

Therefore, under *Davison*, the trial court erred in finding that defendant committed an aggravated offense. In contrast to *Williams*, therefore, we cannot conclude that the trial court's failure to follow the proper statutory procedure was harmless. While the State urges that the evidence presented to the trial court establishes that defendant was a recidivist, the trial court expressly concluded otherwise. Because the trial court's deviation from the proper procedure may have affected its findings of fact, including its determination that defendant was not a recidivist, we believe that the proper approach is to vacate the trial court's order and remand for the trial court to comply with the procedure set out in N.C. Gen. Stat. § 14-208.40A, as clarified by *Davison*.

On remand, the trial court must first determine whether defendant is a recidivist. If not, the court must determine whether defendant committed an offense that involved the physical, mental, or sexual abuse of a minor and, if so, whether defendant requires the highest possible level of supervision and monitoring. Because we are remanding this matter to the trial court, we need not address defendant's remaining contention that the trial court erred by finding he required the highest possible level of supervision and monitoring.

Vacated and remanded.

Judges BRYANT and ELMORE concur.