STATE v. SIMS

[216 N.C. App. 168 (2011)]

———————————

STATE OF NORTH CAROLINA v. CHRISTOPHER MICHAEL SIMS

No. COA11-187

(Filed 4 October 2011)

### 1. Appeal and Error—preservation of issues—argument not raised at trial—not heard on appeal

A constitutional argument not raised at trial was not heard on appeal.

### 2. Indecent Liberties—purpose—sufficiency of evidence

There was sufficient evidence from which the jury could infer that the conduct of a defendant charged with indecent liberties was for the purpose of arousing or gratifying sexual desire.

### 3. Satellite-Based Monitoring—subject matter jurisdiction

Although defendant contended that the trial court did not have subject matter jurisdiction to require defendant to enroll in a satellite-based monitoring system because no complaint was issued and no summons was issued under the Rules of Civil Procedure, the trial court exercised the jurisdiction conferred upon it by N.C.G.S. § 14-208.40A and followed the procedures therein.

STATE v. SIMS

[216 N.C. App. 168 (2011)]

#### 4. Satellite-Based Monitoring—indecent liberties—sexually violent crime

The trial court did not err in requiring defendant to enroll in satellite-based monitoring where defendant was convicted of indecent liberties and the trial court erroneously found that this was an offense against a minor. The crime of indecent liberties is a sexually violent offense as defined by N.C.G.S. § 14-208.6(5).

Appeal by defendant from judgment and order requiring defendant to enroll in satellite-based monitoring both entered 11 August 2010 by Judge Jesse B. Caldwell, III in Buncombe County Superior Court. Heard in the Court of Appeals 31 August 2011.

*Attorney General Roy Cooper, by Assistant Attorney General R. Kirk Randleman, for the State.*

*Robert W. Ewing, for defendant-appellant.*

STEELMAN, Judge.

Where defendant failed to raise constitutional arguments at trial, we will not review them on appeal. Where evidence was presented that defendant was involved in three separate incidents at a Target store with the victim, that another individual had a similar experience with defendant, and defendant admitted to having an obsession with women's legs, the trial court did not err in holding that the State had presented sufficient evidence for the charge of indecent liberties with a child to be submitted to the jury. N.C. Gen. Stat. § 14-208.40A conferred subject matter jurisdiction upon the trial court to consider whether defendant should be enrolled in satellite-based monitoring. Defendant qualified for lifetime satellite-based monitoring because he committed a "sexually violent offense" as defined in N.C. Gen. Stat. § 14-208.6(5), and was a recidivist.

### I. Factual and Procedural History

On 20 July 2009, C.G. and her mother were shopping in a Target store. C.G. was looking at Band-Aids on the clearance aisle when she noticed Christopher Michael Sims (defendant) crouched down a couple of feet away looking at her legs. C.G. began to feel uneasy and left and went to another aisle with her mother. Defendant approached her again, fell into her, touched her belt area, and wrapped his hands around her. After defendant grabbed C.G. he immediately let go and said "Sorry, Sorry." As defendant walked away, C.G. told her mother

that defendant had been following her, and C.G. and her mother left the area and went to another aisle. Defendant approached C.G. a third time as she and her mother looked for toothpaste, and kneeled down approximately six to eight inches from her legs. At this point C.G.'s mother placed herself between C.G. and defendant. Defendant left the area. As C.G. and her mother sought out a manager to report these incidents, they saw defendant leave the store. After speaking with the manager, C.G. and her mother left the store. They later returned to Target, called the police, and identified defendant from Target's security videotapes. On 1 February 2010, defendant was indicted for taking indecent liberties with a child relating to the 20 July 2009 incident.

At trial, Amy McIllwain (McIllwain) testified she encountered defendant at a Target store in the summer of 2009. McIllwain was leaving Target walking along the sidewalk when defendant pulled up next to her in his car, and asked if he could pay her a compliment. He then stated that she had the best looking legs he had seen all day. McIllwain was concerned that if she went to her car defendant might follow her, so she went into another store. Defendant followed her into the store and approached McIllwain several times inside the store, finally cornering her and asking her if he could hug her legs. At that point McIllwain told defendant to back off, and he left the store. McIllwain saw defendant's car the next day, took a picture of his license plate, and reported the incidents to police. McIllwain also identified defendant from a photo located on a government-regulated website.

Anne Benjamin, a detective with the Buncombe County Sheriff's Office, testified that she interviewed defendant as part of her investigation of the incident involving C.G. During this interview, defendant stated that he had admitted to his mom, his dad, and his wife that he had an obsession with women's legs.

On 11 August 2010, a jury found defendant guilty of taking incident liberties with a child. Defendant was sentenced to an active term of nineteen to twenty-three months imprisonment. Based upon defendant being a recidivist, he was required to enroll in satellite-based monitoring (SBM) for the remainder of his natural life, upon his release from prison.

Defendant appeals.

STATE v. SIMS

[216 N.C. App. 168 (2011)]

## II. Motions to Dismiss

In his first argument, defendant contends the trial court's denial of his motions to dismiss the charge of indecent liberties with a child at the close of the State's evidence and at the close of all the evidence violated his rights pursuant to the Fifth Amendment of the United States Constitution, as applied to the States through the Fourteenth Amendment thereto, and also pursuant to Article I, Section 19 of the North Carolina Constitution. We disagree.

### A. Constitutional Argument

[1] The North Carolina Supreme Court has held that "[a] constitutional issue not raised at trial will generally not be considered for the first time on appeal. Because defendant did not raise [this] constitutional issue[] below, we decline to address [it] now." *State v. Maness*, 363 N.C. 261, 279, 677 S.E.2d 796, 808 (2009) (quotation and citation omitted), *cert. denied*, ___ U.S. ___, 176 L. Ed. 2d 568 (2010).

The constitutional portion of this argument is dismissed.

### B. Non-Constitutional Argument

[2] Defendant's non-constitutional argument focuses entirely upon whether the State produced sufficient evidence that the conduct was "for the purpose of arousing or gratifying sexual desire," an element of the offense of taking indecent liberties with a child under N.C. Gen. Stat. § 14-202.1 (2009). "[T]hat the action was for the purpose of arousing or gratifying sexual desire, may be inferred from the evidence of the defendant's actions." *State v. Rhodes*, 321 N.C. 102, 105, 361 S.E.2d criminal case, "we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992) (citing *State v. Small*, 328 N.C. 175, 180, 400 S.E.2d 413, 415 (1991)).

Considering the evidence in the light most favorable to the State, there were three separate incidents at the Target store: (1) defendant was crouched down looking at the juvenile's legs; (2) defendant "fell into" the juvenile, wrapping his hands around her; and (3) defendant kneeled down, six to eight inches away from the juvenile's legs. The State also presented the testimony of McIllwain, pursuant to Rule 404(b) of the Rules of Evidence which was relevant to defendant's intent and purpose.

Finally, the testimony of Detective Benjamin disclosed that defendant admitted to having an obsession with women's legs. On appeal, defendant does not attack the admissibility of the testimony of either McIllwain or Detective Benjamin.

Defendant relies upon this Court's decision in *State v. Brown*, 162 N.C. App. 333, 590 S.E.2d 433 (2004) to support his argument that the State failed to produce sufficient evidence that the conduct in question was "for the purpose of arousing or gratifying sexual desire." The defendant in *Brown* provided the victim with post-discharge services following her stay at a youth shelter. Defendant contacted the victim by phone. A taped conversation revealed inappropriate comments by defendant, including how she looked, that he would like to see her, his feelings towards her, and how he perceived her feelings towards him. *Id.* at 335, 590 S.E.2d 435.

We held that "the conversations were neither sexually graphic and explicit nor were they accompanied by other actions tending to show defendant's purpose was sexually motivated. [N]othing in the record indicate[d] defendant's actions emanated from a desire or purpose to arouse or gratify sexual desire." *Id.* at 338, 590 S.E.2d at 436-37. The instant case is distinguishable from *Brown*. As discussed above, in addition to defendant's three interactions with C.G. and multiple interactions with McIllwain, defendant admitted to having an obsession with women's legs. This leads to the logical conclusion that defendant engaged in this conduct "for the purpose of arousing and gratifying sexual desire." In *Brown* there was no evidence that defendant had engaged in similar bad acts in the past, or that he had any particular obsession with young girls.

Based upon all of the above-cited testimony, there was sufficient evidence presented by the State of defendant's conduct from which the jury could infer that this conduct was for the purpose of arousing or gratifying sexual desire.

This argument is without merit.

### III. Subject Matter Jurisdiction

[3] In his second argument, defendant contends the trial court did not have subject matter jurisdiction to enter the order requiring defendant to enroll in the SBM program because no complaint was filed and no summons was issued. We disagree.

The North Carolina Supreme Court held in, *State v. Bowditch*, 364 N.C. 335, 352, 700 S.E.2d 1, 13 (2010), *stay denied*, ___ N.C. ___,

703 S.E.2d 151 (2010), that "[t]he SBM program [] was enacted with the intent to create a civil, regulatory scheme to protect citizens of our state from the threat posed by the recidivist tendencies of convicted sex offenders." Defendant argues that since no summons was issued in accordance with North Carolina Rules of Civil Procedure 3 and 4, the trial court had no jurisdiction to enter an order imposing SBM.

Jurisdiction is "[t]he legal power and authority of a court to make a decision that binds the parties to any matter properly brought before it." *Black's Law Dictionary* 869 (8th ed.2004). The court must have subject matter jurisdiction, or "[j]urisdiction over the nature of the case and the type of relief sought," in order to decide a case. *Id.* at 870. "A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity." *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964).

The General Assembly "within constitutional limitations, can fix and circumscribe the jurisdiction of the courts of this State." *Bullington v. Angel*, 220 N.C. 18, 20, 16 S.E.2d 411; 412 (1941). "Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." *Eudy v. Eudy*, 288 N.C. 71, 75, 215 S.E.2d 782, 785 (1975), overruled on other grounds by *Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982).

*State v. Wooten*, 194 N.C. App. 524, 527, 669 S.E.2d 749, 750 (2008), *disc. review denied and cert. dismissed*, 363 N.C. 138, 676 S.E.2d 308 (2009).

The trial court exercised its jurisdiction pursuant to and in accordance with the procedures set forth in N.C. Gen. Stat. § 14-208.40A (2009). N.C. Gen. Stat. § 14-208.40A requires that when an offender is convicted of a reportable conviction under N.C. Gen. Stat. § 14-208.6(4) "during the sentencing phase, the district attorney shall present to the court" evidence relating to the offender's qualification for SBM, the offender shall have an opportunity to refute this evidence, and if the court finds the defendant meets the qualifications for SBM the court shall order the offender to enroll in SBM. The trial court exercised the jurisdiction conferred upon it by N.C. Gen. Stat. § 14-208.40A, and followed the procedures set forth therein.

This argument is without merit.

## IV. Satellite-Based Monitoring

[4] In his third and fourth arguments, defendant contends that the trial court's finding of fact number 1(a) in the "Judicial Findings and Order for Sex Offenders;" that defendant was convicted of a reportable conviction because defendant was convicted of an "offense against a minor" was not supported by competent evidence, and the trial court's order and conclusion of law requiring defendant to enroll in SBM was not supported by the competent findings of fact. We disagree.

### A. Standard of Review

This Court stated the standard of review for orders as to SBM in *State v. Kilby*: "[w]e review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found."

*State v. Singleton*, 201 N.C. App. 620, 626, 689 S.E.2d 562, 566 (2010), (quoting *State v. Kilby*, 198 N.C. App. 363, 366, 679 S.E.2d 430, 432 (2009)), *disc. review allowed*, 364 N.C. 131, 696 S.E.2d 697 (2010) *and disc. review improvidently allowed*, 364 N.C. 418, 700 S.E.2d 226 (2010).

### B. Analysis

The trial court made the following oral finding during the SBM hearing, "the court having entered judgment in the above-captioned action, finds that the defendant—in addition, the court finds that the defendant has been convicted of a reportable conviction under GS 14-208.6. And, Madam Clerk, this will be an offense against a minor . . . ." This finding was incorporated into the trial court's order requiring defendant to be enrolled in SBM for his natural life. Box 1(a) was marked on the order finding the defendant to have been convicted of a reportable conviction under N.C. Gen. Stat. § 14-208.6, specifically an "offense against a minor" under N.C. Gen. Stat. § 14-208.6(1i).[1] (Administrative Office of the Courts Form CR-615.).

---

1. The statute number defining an offense against a minor has been changed to N.C. Gen. Stat. § 14-208.6(1m).

Further, this statute was amended by 2011 North Carolina General Assembly Session Law 145, House Bill 200. However, this amendment pertained strictly to the way in which the Department of Corrections was referred to, and did not affect the substance of the statute in any way.

The State acknowledges that this finding is not supported by the evidence, and argues that the Assistant District Attorney marked the wrong box on the form. The State goes on to argue that the box indicating that defendant committed a "sexually violent offense" should have been checked. In light of the trial court's explicit instructions to the clerk, set forth above, we hold this argument to be disingenuous.

N.C. Gen. Stat. § 14-208.6(1m) defines "offense against a minor" as:

any of the following offenses if the offense is committed against a minor, and the person committing the offense is not the minor's parent: G.S. 14-39 (kidnapping), G.S. 14-41 (abduction of children), and G.S. 14-43.3 (felonious restraint). The term also includes the following if the person convicted of the following is not the minor's parent: a solicitation or conspiracy to commit any of these offenses; aiding and abetting any of these offenses.

Defendant's conduct in this case does not fall within the above definition of an "offense against a minor."

The State further argues that this case is controlled by our decision in *State v. Williams*, ___ N.C. App. ___, 700 S.E.2d 774 (2010). In that case, we held that the trial court's finding that the offense was an "offense against a minor" was in error, and that the defendant's conviction for indecent liberties was instead a "sexually violent offense" under N.C. Gen. Stat. § 14-208.6(5). Based upon this holding, this Court held "that the trial court's order enrolling Defendant in lifetime SBM is supported by necessary findings such that the Order itself is not erroneous." *Williams*, ___ N.C. App. at ___, 700 S.E.2d at 776.

We hold that the instant case is indistinguishable from *Williams*. The defendant in this case was convicted of indecent liberties. The trial court erroneously found that this was an "offense against a minor." As in *Williams*, the crime of indecent liberties explicitly is a "sexually violent offense" as defined by N.C. Gen. Stat. § 14-208.6(5).

While we question the wisdom of appellate courts engaging in fact-finding we are bound by the indistinguishable holding in *Williams*. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (citations omitted).

This argument is without merit.

NO ERROR, in part, AFFIRMED, in part.

Judges HUNTER, Robert C., and McCULLOUGH concur.