NO. COA13-1337

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

v.                                    Beaufort County
                                      No. 11 CRS 52378, 12 CRS 312
SHAWN CARLOS GODLEY


Appeal by defendant from judgment entered 1 May 2013 by Judge W. Russell Duke, Jr. in Beaufort County Superior Court. Heard in the Court of Appeals 23 April 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Larissa S. Williamson, for the State.*
>
> *William D. Spence, for defendant.*


ELMORE, Judge.


On 1 May 2013, a jury found Shawn Carlos Godley (defendant) guilty of indecent liberties with a child, and defendant pled guilty to being a habitual felon. Judge W. Russell Duke, Jr. consolidated the convictions into one judgment and sentenced defendant to 84-110 months of active imprisonment. Defendant appeals and raises as error the trial court's decision to: 1.) grant the State's motion to close the courtroom doors during the victim's testimony and 2.) deny his motion to dismiss the

indecent liberties charge. After careful consideration, we hold that the trial court did not err.

## I. Facts

On 26 September 2011, a twelve-year-old female (the victim) and her grandmother went to the City of Washington Police Department to report a series of four alleged sexual events between the victim and defendant. Defendant was the boyfriend of the victim's aunt and lived in the same residence as the victim during the alleged acts. The reported instances of sexual activity occurred between June and August 2011 and included kissing, fondling, masturbation, and intercourse. As a result, defendant was charged with three counts of first-degree rape of a child and taking indecent liberties with a child.

At trial, the State made an oral motion to close the courtroom doors during the testimony of its first witness, the victim. Over defendant's objection, the trial court granted the State's motion. Following the victim's testimony, the State called Detective Dean Watson of the City of Washington Police Department as a witness and subsequently presented no further evidence. Four witnesses testified for defendant: defendant's cousin, the legal assistant for defendant's attorney, and the victim's father and aunt. At the close of the State's evidence,

defendant made a motion to dismiss the indecent liberties charge for insufficiency of the evidence, which was denied by the trial court. The jury returned a verdict of not guilty as to the three counts of first-degree rape but guilty of taking indecent liberties with a child.

On 30 April 2014, this Court entered an order remanding this matter to the trial court to conduct a hearing and make appropriate findings of fact and conclusions of law regarding the temporary closure of the courtroom in accordance with *Waller v. Georgia*, 467 U.S. 39, 48, 104 S.Ct. 2210, 2216-17, 81 L.Ed.2d 31, 39 (1984), as interpreted by this Court in *State v. Rollins* (*Rollins I*), ___ N.C. App. ___, ___, 729 S.E.2d 73, 77-79 (2012). Defendant's appeal was held in abeyance pending this Court's receipt of the trial court's order containing these new findings.

A hearing was held by the trial court on 22 May 2014. On 28 May 2014, the trial court entered an order containing findings of fact and conclusions of law as directed by this Court.

## II. Analysis

### a.) Closing the Courtroom

Defendant argues that the trial court erred in closing the courtroom during the victim's testimony. Specifically, defendant avers that his constitutional right to a public trial was violated because the State failed to present evidence sufficient to support the trial court's decision to close the courtroom. We disagree.

"In reviewing a trial judge's findings of fact, we are 'strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law.'" *State v. Williams*, 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)); *see also Sisk v. Transylvania Cmty. Hosp., Inc.*, 364 N.C. 172, 179, 695 S.E.2d 429, 434 (2010) ("'[F]indings of fact made by the trial judge are conclusive on appeal if supported by competent evidence, even if . . . there is evidence to the contrary.'" (quoting *Tillman v. Commercial Credit Loans, Inc.*, 362 N.C. 93, 100-01, 655 S.E.2d 362, 369 (2008))). This court reviews alleged constitutional violations *de novo*. *State v. Tate*, 187 N.C. App. 593, 599, 653 S.E.2d, 892, 897 (2007).

Pursuant to the Sixth Amendment of the United States Constitution, a criminal defendant is entitled to a "public trial." U.S. Const. amend. VI.

> The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions. In addition to ensuring that judge and prosecutor carry out their duties responsibly, a public trial encourages witnesses to come forward and discourages perjury.

*Waller*, 467 U.S. at 46, 104 S.Ct. at 2215 (citations and quotations omitted). However, "the right to an open trial may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information." *Id*. at 45, 104 S.Ct. at 2215. In accordance with this principle, N.C. Gen. Stat. § 15-166 (2013) permits the exclusion of certain persons from the courtroom in cases involving rape and other sexually-based offenses:

> In the trial of cases for rape or sex offense or attempt to commit rape or attempt to commit a sex offense, the trial judge may, during the taking of the testimony of the prosecutrix, exclude from the courtroom all persons except the officers of the court, the defendant and those engaged in

the trial of the case.

Before a trial court may allow a courtroom closure, it must comply with the rule set forth in *Waller*. *State v. Comeaux*, ___ N.C. App. ___, ___, 741 S.E.2d 346, 350 (2012). The State carries the burden "to present sufficient evidence, either in its case in chief or by *voir dire*, to permit the trial court to satisfy the *Waller* test[.]" *State v. Rollins* (*Rollins II*), ___ N.C. App. ___, ___, 752 S.E.2d 230, 233 (2013). The trial court must balance the interests of the State with defendant's constitutional right to a public trial through use of a four-part test: "(1) the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, (2) the closure must be no broader than necessary to protect this interest, (3) the trial court must consider reasonable alternatives to closing the proceeding, and (4) it must make findings adequate to support the closure." *Rollins I*, ___ N.C. App. at ___, 729 S.E.2d at 77 (internal quotations and citations omitted). In making its findings, "[t]he trial court's own observations can serve as the basis of a finding of fact as to facts which are readily ascertainable by the trial court's observations of its own courtroom." *Rollins II*, ___ N.C. App. ___, ___, 752 S.E.2d at 235 (citation omitted). When this

Court, on remand, directs a trial court to conduct a rehearing to make supplemental findings of fact and conclusions of law regarding the temporary closure of a courtroom, the trial court may base its supplemental findings of fact on evidence presented after the State's original motion. *See id*. at ___, 752 S.E.2d at 233-34 (rejecting defendant's contention that on remand "the trial judge ought to place himself back at that point in time in the trial when he heard the State's initial motion, and to consider only those facts he (the trial judge) knew at the time" and acknowledging that findings can "be based upon evidence presented . . . after the ruling upon the motion [for closure]").

Here, the State made its original oral motion to close the courtroom before any evidence had been presented, as the motion was made immediately after opening statements and before any witness testified. In support of the motion, the State presented no evidence through *voir-dire* or its case-in-chief but merely offered an argument and referenced the charging documents to convince the trial court to close the courtroom:

> PROSECUTOR: Judge, at this time, the State is making a motion to close the courtroom to any non-essential personnel during the testimony of the next witness . . . who is alleged as the victim in the indictment. I would assert that there's a compelling

interest, that given her age at the time of the offense and her age now, that the presence of non-necessary personnel would create a hardship on her and make it difficult in testifying and her testimony is essential and that it's not available to be admitted from any other source. So, for those reasons, I would ask to have non-essential personnel removed during her testimony only. . . . Judge, you know by the nature of the charges, and even though I guess it's not evidence, what you've heard from both counsel's opening statements of what the allegations are in regard to a *quasi* family relationship, and, of course, Your Honor has enough experience to know what the testimony generally is -- I mean, that and it involves minor child and there's not an available alternative that I'm aware of.

Based on the above colloquy, the trial court originally made the following findings of fact:

1. The crimes alleged in the case at trial are of a sexual nature, 2. The crimes alleged in the case at trial involve an alleged victim [sic] is a minor child who is 13 years old now and crimes that took place in July and August of 2011. 3. The facts involve a relationship between the alleged victim and the defendant that are of a quasi-family nature. 4. The state contends that the evidence that would come from the minor child is not admissible by non-hearsay means from another reliable source. 5. The [d]efendant objected to any closure of the courtroom on 6th Amendment grounds of due process, fundamental fairness, and right to confront his accuser in a public trial.

While the trial court's findings of fact were not supported by competent evidence in its original order, the trial court reevaluated the State's motion to close the courtroom on 22 May 2014, pursuant to our remand instructions. The trial court made numerous supplemental findings of fact, including:

> 1. The Court, prior to and during the selection of the jury and prior to the impaneling of the jury, made an extensive and exhaustive examination of the Clerk of Court's criminal file and the indictments herein and readily recognized that the crimes alleged . . . are of a sexual nature, that the alleged victim is a minor child who is 13 years of age at the time of trial and that the crimes allegedly took place in July and August of 2011, almost two years earlier.
>
> 2. [T]he right side of the Courtroom [is] occupied . . . with people charged with various misdemeanors and felonies and possibly their witnesses . . . and one reporter with the local newspaper who the Court did not recognize, and various attorneys of those persons, seated against the right wall of the Courtroom within the Bar.
>
> 3. During the calling of the case for trial and during the selection of the jury, the Court has had the opportunity to observe the alleged victim, a teenager of 13 years of age, the defendant, a man with a criminal record allowing him to be charged as an habitual felon, and those people seated on the right side of the Courtroom and the attitude and demeanor of the victim and the defendant and the general nature and character of the audience seated on the

right side of the Courtroom.

4.   Upon the jury being selected and . . . having been informed by the State in open court and at a bench conference, with defendant's counsel present, of the quasi-familial nature of the relationship of the defendant and the alleged victim and that the testimony of the alleged victim is essential and uncorroborated and not available from any other source and would take only the remaining one hour and 15 minutes of the Court day (all of such representations were subsequently supported by the evidence proffered by the State), and the Court having considered the demeanor of the victim, the defendant and the nature and character of the remaining audience situated on the right side of the Courtroom, the Court ordered those people who were *not* members of the defendant's family, defense counsel seated against the right hand side of the wall of the Courtroom inside the Bar, witnesses in this case, other prosecutors and not other court personnel, to temporarily leave the Courtroom[.]

. . .

5.   Having presided from time to time in Beaufort County Superior Court for over twenty years, the Court is well aware that a video feed or other technology that might allow remote testimony is not available . . . and no alternative method that would allow the victim to testify in front of the defendant or where the defendant would have the opportunity to view the testimony of the victim and where the jury could consider the evidence and the public could be present, is available so as for the trial to proceed in the Beaufort County Courthouse.

These supplemental findings are supported by competent evidence in light of the 1.) trial court's own observations of the criminal file, indictments, and personnel inside the courtroom; 2.) bench conference; 3.) trial court's experience in Beaufort County's courthouse; and 4.) trial court's consideration of the evidence presented during the State's case-in-chief. Moreover, the young age of the victim, nature of the charges, quasi-familial relationship with defendant, type of other persons present in the courtroom, necessity of the victim's non-hearsay testimony, limited time and scope of the courtroom closure, and lack of any reasonable alternatives to closing the courtroom are findings sufficient to support the courtroom closure. Accordingly, defendant's constitutional right to a public trial was not violated.

## b.) Motion to Dismiss

Defendant also argues that the trial court erred in denying his motion to dismiss the charge of indecent liberties with a child. Specifically, defendant contends that the State failed to demonstrate sufficient substantial evidence that he committed indecent liberties for the purpose of arousing or gratifying sexual desire pursuant to N.C. Gen. Stat. § 14-202.1(a)(1). We disagree.

"A motion to dismiss for insufficiency of the evidence is properly denied if substantial evidence exists to show: (1) each essential element of the offense charged; and (2) that defendant is the perpetrator of such offense." *State v. Fuller,* 166 N.C. App. 548, 554, 603 S.E.2d 569, 574 (2004) (internal citation omitted). "The trial court's function is to test whether a reasonable inference of the defendant's guilt of the crime charged may be drawn from the evidence. The evidence is to be considered in the light most favorable to the State." *Id.* (internal citations and quotations omitted).

The following elements are necessary to establish indecent liberties with a child under N.C. Gen. Stat. § 14-202.1(a)(1): "(1) the defendant was at least 16 years of age, (2) he was five years older than his victim, (3) he willfully took or attempted to take an indecent liberty with the victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire." *State v. Rhodes*, 321 N.C. 102, 104-05, 361 S.E.2d 578, 580 (1987) (internal citation omitted). "Indecent liberties are defined as such liberties as the common sense of society would regard as indecent and improper." *State v. Every*, 157 N.C. App. 200, 205,

578 S.E.2d 642, 647 (2003) (citations and internal quotations omitted). Moreover, "[t]hat the action was for the purpose of arousing or gratifying sexual desire, may be inferred from the evidence of the defendant's actions." *State v. Sims*, 216 N.C. App. 168, 171, 720 S.E.2d 398, 400 (2011) (citation and quotation omitted).

Defendant's indecent liberties with the victim in June 2011 are illustrated by the State's witnesses. The victim stated that while at her grandmother's house, defendant kissed her on the mouth, told her not to tell anyone about what transpired, and continued to kiss her even after she asked him to stop. Detective Watson testified that when the victim spoke to police officers on 26 September 2011 about the sexual activity at her grandmother's house, she indicated that defendant "made sexual advances on her while he was drunk[,]" kissed her, fondled her "under her clothing," "touch[ed] her breasts and vagina, but did not penetrate her." Such testimony constitutes substantial evidence of taking indecent liberties with the victim. Moreover, this testimony coupled with the other instances of defendant's alleged sexual misconduct that gave rise to the first-degree rape charges are sufficient evidence to infer defendant's purpose of arousing or gratifying sexual desire.

*See State v. Minyard*, ___ N.C. App. ___, ___, 753 S.E.2d 176, 182-188 (2014) *appeal dismissed, disc. review denied*, 50P14, 2014 WL 1512491 (2014) (holding that the victim's statements that the defendant used his penis to touch the victim's buttocks and penis multiple times "provide[d] ample evidence to infer [the] [d]efendant's purpose of obtaining sexual gratification"); *see also State v. Creech*, 128 N.C. App. 592, 599, 495 S.E.2d 752, 756-57 (1998) (holding that "the jury could reasonably conclude" that the defendant's acts "were committed to arouse defendant's sexual desire" where he gave the victim massages while only wearing "his underwear while [the victim] wore only his shorts[,]" and the State offered testimony "concerning [the] defendant's similar pattern of behavior during massages with other young males"). Accordingly, the trial court did not err in denying defendant's motion to dismiss for insufficient evidence.

### III. Conclusion

In sum, the trial court neither erred in granting the State's motion to close the courtroom doors during the victim's testimony nor in denying defendant's motion to dismiss the indecent liberties charge for insufficient evidence.

No error.

Judges McCULLOUGH and DAVIS concur.