IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 12, 2015

## STATE OF TENNESSEE v. CHARLES WAYNE DALTON

**Appeal from the Circuit Court for Lincoln County**
**No. S0800040       Forest A. Durard, Judge**

---

**No. M2014-02156-CCA-R3-ECN – Filed May 5, 2016**

---

CAMILLE R. MCMULLEN, J., concurring.

Although I am compelled to agree with the majority's conclusion affirming the denial of coram nobis relief, I write separately to elaborate on the conundrum the petitioner faces in this case. It is significant to me that the petitioner was convicted by a jury of two counts of especially aggravated kidnapping and two counts of aggravated kidnapping. The State, the defense, and the trial court stipulated that at the time of his guilty plea to other charges and waiver of his right to appeal his jury convictions, the petitioner was not advised that he would be required to register as a sex offender, see T.C.A. § 40-39-211(a), (c), and that the petitioner's offenses did not involve an element of sex.[1] Despite the parties' efforts to rectify the inequity of placing the petitioner on the sexual offender registry, because the petitioner's kidnapping related convictions automatically trigger the Tennessee Sex Offender Registry Act, they were constrained by statute to comply.

Some historical context is necessary to understand why the petitioner, convicted of non-predatory offenses, is required to register as a sex offender. Kidnapping and false imprisonment are included as sexual offenses under Tennessee Code Annotated section 40-39-202(19)(v)-(vi) because in 2006 Congress enacted the Adam Walsh Child Protection and Safety Act (the Act), as a replacement for the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program Act of 1994. The Act required all 50 states to compile a list of names of convicted offenders in their own jurisdictions who have committed crimes defined by federal statute as "sex offenses." 42

---

[1] The petitioner's kidnapping related convictions occurred as a result of his flight from the police and refuge into the victim's home. At the time he entered the home, the homeowner-adult and several minor children were inside. After the petitioner refused to leave their home, the victims retreated to a back bedroom and barricaded themselves inside. They exited the home by jumping out of a window. Two of the minor victims suffered bruises to their legs while exiting the window. Meanwhile, the petitioner found the homeowner-victim's car keys, stole her car, and continued his flight from the police.

U.S.C.A. § 16912 (West 2010) (effective July 27, 2006). The Act further requires, among other things, that any nonparent convicted of kidnapping or false imprisonment of a minor must submit to having their information published on a publicly available sex offender registry in the defendant's respective state *without regard to whether there was a sexual element or motivation to the offense*. Any state that fails to require registration after a conviction for kidnapping or false imprisonment by a nonparent is deemed to be out of compliance with the Act and subject to a ten percent loss in federal funding allocated under the Omnibus Crime Control and Safe Street Act of 1968. 42 U.S.C.A. § 16925(b)(4) (West 2010) (effective July 27, 2006); see also Steven J. Costigliacci, Protecting our Children From Sex Offenders: Have We Gone Too Far?, 46 FAM. CT. REV. 180 (2008); Ofer Raban, Be They Fish or Not Fish: The Fishy Registration of Nonsexual Offenders, 16 WM. & MARY BILL RTS. J. 497 (Dec. 2007).

There has been a significant amount of litigation in both state and federal courts regarding the constitutionality of state registration requirements under the Act for kidnapping and false imprisonment convictions that do not involve a sexual motive or act. Some states have held that the registration requirement for those convictions is unconstitutional absent a finding that the crime was sexually motivated. See State v. Robinson, 873 So.2d 1205, 1217 (Fla. 2004) ("Where the State concedes that the crime contained no sexual element and the circumstances of the crime conclusively belie any sexual motive, the designation of the defendant as a sexual predator-which then invokes the attendant statutory requirements and prohibitions-based solely on his conviction for kidnapping a minor not his child violates the defendant's right to due process of law."); ACLU of New Mexico v. City of Albuquerque, 137 P.3d 1215 (N.M. Ct. App. 2006) (holding that "the inclusion of kidna[p]ping and false imprisonment as convictions requiring registration as a sex offender is not rationally related to the legitimate interest of the City in protecting victims or potential victims of sex offenders" and that the requirement therefore violated due process); State v. Small, 833 N.E.2d 774, 780-81 (Ohio Ct. App. 2005) (requiring defendant who was convicted of kidnapping a child to be classified as a sexually-oriented offender and to comply with sex offender registration requirements was not rationally related to any legitimate state interest, and thus the classification and registration requirements violated substantive due process as applied to defendant where there was no evidence that defendant committed the kidnapping with sexual motivation); State v. Andre Pierre Reine, No. 19157, 2003 WL 77174 (Ohio Ct. App. Jan. 10, 2003) ("Because we conclude that the application of the statutory requirement that Reine be classified as a sexually oriented offender, in a case in which it has been stipulated that his offenses were committed without any sexual motivation or purpose, is unreasonable and arbitrary, and bears no rational relationship to the purpose of the statute, we conclude that it offends the Due Process clauses of both the Ohio and United States constitutions."). However, other states have upheld the constitutionality of the registration requirement for kidnapping and false imprisonment regardless of whether

there is evidence of a sexual component. See, e.g., Rainer v. State, 690 S.E.2d 827, 829-30 (Ga. 2010) (fact that petitioner's offense did not involve sexual activity was of "no consequence" because "it is rational to conclude that requiring those who falsely imprison minors who are not the child's parent to register advances the State's legitimate goal of informing the public for purposes of protecting children from those who would harm them"); Moffitt v. Commonwealth, 360 S.W.3d 247, 255-57 (Ky. Ct. App. 2012) (concluding that although the defendant's conviction of child kidnapping included a sexual component, the purpose of Kentucky's registration statute was the protection of children and the requirement of registration for certain offenses against minors, regardless of a sexual component, did not offend substantive or procedural due process); see also People v. Bosca, 871 N.W.2d 307, 356 (Mich. Ct. App. 2015) (same); State v. Sakobie, 598 S.E.2d 615, 618 (N.C. Ct. App. 2004) (same); State v. Smith, 780 N.W.2d 90 (Wis. 2010) (same). Finally, some states have amended their statutes with a requirement for the State to show that the kidnapping was sexually motivated before the registration requirement is implicated. See, e.g., Iowa Code § 692A.102(1)(c)(14) (defining kidnapping as a sexual offense if a determination is made that the offense was sexually motivated); N.M. Stat. Ann. § 29-11A-3(I)(6) (defining kidnapping as a sexual offense "when committed with the intent to inflict a sexual offense"); S.C. Code Ann. § 23-3-430(C)(15) (stating that a person convicted of kidnapping is considered a sex offender "except when the court makes a finding on the record that the offense did not include a criminal sexual offense or an attempted sexual offense"); Tex. Code Crim. Proc. Ann. art. 62.001(5)(C) (defining aggravated kidnapping as a reportable sexual offense "if the actor committed the offense or engaged in the conduct with intent to violate or abuse the victim sexually"); Vt. Stat. Ann. tit. 13, § 5401 (sexual offender registration for kidnapping only required when committed with specific intent to sexually assault the victim).

Tennessee courts have yet to directly address the constitutionality of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act as applied to an individual convicted of an offense that does not involve a component of sex. In this case, it appears that the petitioner waived his opportunity to do so on direct appeal as part of a larger plea agreement. Even so, I am not convinced that this issue could have been included in the petitioner's post-conviction appeal. He was not notified by authorities of his requirement to register as a sex offender until a year after this court denied his petition for post-conviction relief, and all parties agreed that at the time of his guilty plea the petitioner was neither advised of the registry requirement nor of the application of the sex offender registry to non-sexual offenses. Accordingly, I do not believe the petitioner waived this issue for failure to raise it in his petition for post-conviction relief.

In addition, the holding in <u>Ward</u> is distinguishable. <u>See</u> <u>Ward v. State</u>, 315 S.W.3d 461, 472 (Tenn. 2010) (reiterating that the restrictions imposed by T.C.A. sections 40-39-211(a) and (c) are not at issue here); <u>see also</u> <u>John Doe v. Mark Gwyn, et al.</u>, No. E2012-00497-CCA-R3-HC, 2013 WL 1136523 (Tenn. Crim. App. Mar. 19, 2013) (noting that the collateral-direct consequence regime is not applicable in context of a habeas petition and holding that the totality of restrictions placed upon a sexual offender whose victim was a minor qualifies as a restraint on liberty); <u>Mathew B. Foley v. State</u>, No. M2015-00311-CCA-R3-PC, 2016 WL 245857 (Tenn. Crim. App. Jan. 20, 2016) (tolling the statute of limitations and reversing summary dismissal of post-conviction relief because the petitioner was advised during his guilty plea that he was not required to register as a sex offender even though he plead guilty to facilitation of aggravated kidnapping). In the present case, the petitioner's victims were minors, and therefore, unlike in <u>Ward</u>, the restrictions imposed by Tennessee Code Annotated sections 40-39-211(a) and (c) and section 40-39-215 would be applicable to him once registered. As such, just as in <u>Gwyn</u> and <u>Foley</u>, the restrictions imposed upon the petitioner would constitute a restraint on liberty. Finally, and most significantly, the petitioner actually pleaded guilty to non-triggering offenses. In this case, it is a portion of his plea agreement, the waiver of his right to appeal his jury convictions, which is really at issue. <u>See</u> Tenn. R. Crim. P. 37(d) ("When a defendant chooses to waive the right to a direct appeal, counsel for the defendant shall file a written waiver of appeal, signed by the defendant, with the clerk during the time within which the notice of appeal could have been filed."). The transcript of the guilty plea colloquy clearly reflects that the parties entered into evidence a handwritten waiver of appeal of the kidnapping related jury convictions, which was signed by the petitioner. The record further shows that the trial court fully complied with Rule 37 during the guilty plea colloquy.

Nevertheless, I do not believe the petitioner is without other avenues of relief. Because the sex offender registry has been deemed regulatory or civil in nature, defendant sex offenders, similarly situated to the petitioner, have sought relief from the registry requirements through civil declaratory actions. In <u>John Doe v. Mark Gwyn, et al.</u>, No. E2010-01234-COA-R3-CV, 2011 WL 1344996 (Tenn. Ct. App. Apr. 8, 2011), the Court of Appeals held that the defendant sex offender had standing to file a declaratory action challenging the registration statute that would require him to register as a sex offender in Tennessee based on out-of-state convictions. Before denying relief on other grounds, the court determined that the defendant had a right to seek relief from the registration requirement through a declaratory judgment action based on the Tennessee Declaratory Judgment Act. It concluded that a declaratory judgment suit is appropriate when the petitioner seeks a determination of how his rights and status are effected by the Registration Act and whether the Act is valid as applied to him. <u>Id.</u> at *6; <u>see also</u> <u>John Doe v. Robert E. Cooper, Jr., Tenn. Attorney General</u>, No. M2009-00915-COA-R3-CV, 2010 WL 2730583 (Tenn. Ct. App. July 9, 2010) (declaratory judgment action in which

Petitioner challenges as unconstitutional the retroactive application of the Tennessee Sexual Offender Registration, Verification, and Tracking Act of 2004); Hazel v. State, 659 S.E.2d 137 (S.C. 2008) (holding in declaratory action that defendant convicted of kidnapping was not required to register as sex offender because no finding on the record that sexual misconduct was involved in the offense).

Relief based on coram nobis is not warranted. However, I recognize, as did the trial court and the parties, that the petitioner is subject to the restrictions of the sex offender registry, without having been convicted of an offense that contained an element of sex. To the extent that the petitioner is attempting to challenge the application of the registry requirement to his kidnapping relating convictions that do not contain an element of sex, the above authority provides him with a more appropriate avenue to obtain relief.

_____
CAMILLE R. McMULLEN, JUDGE