IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-459

 Filed: 3 October 2017

Chatham County, No. 04 CRS 5254-58; 50399

IN THE MATTER OF: ANTHONY RAYSHON BETHEA

 Appeal by petitioner from order entered 31 October 2016 by Judge Carl R. Fox

in Chatham County Superior Court. Heard in the Court of Appeals 20 September

2017.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender James R.
 Grant, for petitioner-appellant.

 Attorney General Joshua H. Stein, by Assistant Attorney General William P.
 Hart, Jr. for the State.

 TYSON, Judge.

 Anthony Rayshon Bethea (“Petitioner”) appeals from the trial court’s denial of

his petition to be removed from the North Carolina Sex Offender Registry. We affirm

the trial court’s order.

 I. Background

 On 13 September 2004, Petitioner pled guilty to six counts of felony sexual

activity with a student in violation of N.C. Gen. Stat. § 14-27.7(b), upon which the

court sentenced Petitioner. This sexual activity with a student offense to which

Petitioner pled guilty is now codified under N.C. Gen. Stat. § 14-27.32 (2015).
 STATE V. BETHEA

 Opinion of the Court

 Following his convictions, Petitioner registered as a sex offender on 14 October

2004 under the North Carolina Sex Offender and Public Protection Registration

Program (“the Registry Program”). See N.C. Gen. Stat. § 14-208.7, et. seq (2015)

(establishing the North Carolina Sex Offender and Public Protection Registration

Program).

 Under the version of the Registry Program in effect at the time of his 2004

convictions, Petitioner’s requirement to be registered as a sex offender was to

automatically terminate after ten years had elapsed, if he did not commit any further

offenses requiring registration. N.C. Gen. Stat. § 14-208.12A (2004).

 Statutory amendments in 2006 to the Registry Program affected Petitioner’s

registration status. First, section 14-208.7 was amended to provide that registration

of convicted sex offenders could continue beyond ten years, even when the registrant

had not re-offended. N.C. Gen. Stat. § 14-208.7(5a) (2007) (providing that the

registration requirement “shall be maintained for a period of at least ten years

following the date of initial county registration”).

 Second, the provision of section 14-208.7, which provided for automatic

termination of registration, was removed. Section 14-208.12A was added to the

Registry Program. The current version of section 14-208.12A provides that persons

wishing to terminate their registration requirement must petition the superior court

for relief.

 -2-
 STATE V. BETHEA

 Opinion of the Court

 (a) Ten years from the date of initial county registration, a
 person required to register under this Part may petition
 the superior court to terminate the 30-year registration
 requirement if the person has not been convicted of a
 subsequent offense requiring registration under this
 Article.

 ...

 (a1) The court may grant the relief if:

 (1) The petitioner demonstrates to the court that he or she
 has not been arrested for any crime that would require
 registration under this Article since completing the
 sentence,

 (2) The requested relief complies with the provisions of the
 federal Jacob Wetterling Act, as amended, and any other
 federal standards applicable to the termination of a
 registration requirement or required to be met as a
 condition for the receipt of federal funds by the State, and

 (3) The court is otherwise satisfied that the petitioner is not
 a current or potential threat to public safety.

 N.C. Gen. Stat. § 14-208.12A (2015), amended by N.C. Sess. Laws 2017-158, §

22 (adding a provision to section 14-208.12A(a) irrelevant to this appeal).

 In 2006, Congress enacted the Adam Walsh Act, also known as the Sex

Offender Registration and Notification Act (“SORNA”). See 42 U.S.C. § 16901, et seq.

The Adam Walsh Act replaced the Jacob Wetterling Act, the prior federal law

addressing sex offender registration. This Court has held “[t]he Adam Walsh Act now

provides the ‘federal standards applicable to the termination of a registration

requirement [under N.C. Gen. Stat. § 14-208.12A(a1)(2)]’ and covers substantially the

 -3-
 STATE V. BETHEA

 Opinion of the Court

same subject matter as the Jacob Wetterling Act.” In re Hamilton, 220 N.C. App. 350,

356, 725 S.E.2d 393, 398 (2012).

 SORNA establishes rules governing sex offender registration and conditions

state receipt of certain federal funds on a state’s implementation of those rules. See

42 U.S.C. §§ 16915, 16925. SORNA utilizes a three-tiered system for classifying sex

offenders:

 Under SORNA, a tier I sex offender must register for
 fifteen years, a tier II sex offender must register for twenty-
 five years, and a tier III sex offender must register for life.
 However, a tier I sex offender may reduce his or her
 registration period to ten years by keeping a clean record;
 likewise, a tier II sex offender may reduce his or her
 registration period to twenty years. Only a tier III sex
 offender who is “adjudicated delinquent [as a juvenile] for
 the offense” may reduce his or her registration period to
 twenty-five years; otherwise, a tier III sex offender is
 subject to lifetime registration. See 42 U.S.C.S. § 16915(a),
 (b) (2013).

In re Hall, 238 N.C. App. 322, 326, 768 S.E.2d 39, 42-43 (2014), appeal dismissed

and disc. review denied, ___ N.C. ___, 771 S.E.2d 285, cert. denied sub nom Hall v.

North Carolina, ___ U.S. ___, 193 L.Ed.2d 519 (2015).

 In September 2014, Petitioner petitioned the Superior Court of Chatham

County to be removed from the sex offender registry. At the hearing on 31 October

2016, Petitioner did not contest his prior offenses qualified him as a tier II offender

under SORNA.

 -4-
 STATE V. BETHEA

 Opinion of the Court

 The trial court checked off the following findings of fact on the pre-printed form

entitled Petition and Order for Termination of Sex Offender Registration, AOC-CR-

263, Rev. 12/11:

 1. The petitioner was required to register as a sex offender
 under Part 2 of Article 27A of Chapter 14 of the General
 Statutes for the offense(s) set out above.

 2. The petitioner has been subject to the North Carolina
 registration requirements of Part 2 of Article 27A for at
 least ten (10) years beginning with the Date of Initial NC
 Registration above.

 3. Since the Date of Conviction above, the petitioner has
 not been convicted of any subsequent offense requiring
 registration under Article 27A of Chapter 14.

 4. Since the completion of his/her sentence for the offense(s)
 set out above, the petitioner has not been arrested for any
 offense that would require registration under Article 27A
 of Chapter 14.

 5. The petitioner served this petition on the Office of the
 District Attorney at least three (3) weeks prior to the
 hearing held on this matter.

 6. The petitioner is not a current or potential threat to
 public safety.

 7. The relief requested by the petitioner [does not] comp[ly]
 with the provisions of the federal Jacob Wetterling Act, 42
 U.S.C § 14071, as amended, and any other federal
 standards applicable to the termination of a registration
 requirement or required to be met as a condition for the
 receipt of federal funds by the State.

 -5-
 STATE V. BETHEA

 Opinion of the Court

 The court denied Petitioner’s petition for relief from registration and removal

from the registry. The court concluded Petitioner’s requested relief and termination

of his duty to register would not comply with “federal standards applicable to the

termination of registration requirement required to be met as a condition for receipt

of federal funds by the State, based upon . . . SORNA[,]” and entered an order thereon.

 Petitioner timely appealed from the trial court’s denial of his petition.

 II. Jurisdiction

 Jurisdiction lies in this Court from final judgment of the superior court

pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2015).

 III. Issues

 Petitioner argues: (1) the trial court violated his substantive due process rights

by denying his petition for termination of sex offender registration after finding that

he “is not a current or potential threat to public safety”; and, (2) the retroactive

activation of federal sex offender registration standards violates the ex post facto

clauses of the federal and state constitutions.

 IV. Standard of Review

 This Court “reviews conclusions of law pertaining to constitutional matters de

novo.” State v. Bowditch, 364 N.C. 335, 340, 700 S.E.2d 1, 5 (2010) (citations omitted).

Under de novo review, this Court “considers the matter anew and freely substitutes

 -6-
 STATE V. BETHEA

 Opinion of the Court

its own judgment for that of the lower tribunal.” State v. Williams, 362 N.C. 628, 632-

33, 669 S.E.2d 290, 294 (2008) (quotation marks and citation omitted).

 V. Analysis

 A. Substantive Due Process

 Petitioner argues the trial court’s denial of his petition for termination of sex

offender registration violates his substantive due process rights. He asserts that after

the trial court found Petitioner “is not a current or potential threat to public safety[,]”

it was arbitrary for the trial court to deny his petition and to require him to continue

to register because of the SORNA standards incorporated into state law under section

14-208.12A(a1)(2). We disagree.

 Petitioner argues “[t]he State can establish no justification for the arbitrary

extension of [his] registration requirement now that he has been judicially

determined to be no threat to the public.” Petitioner failed to challenge the trial

court’s findings of fact detailed above. When “the trial court's findings of fact are not

challenged on appeal, they are deemed to be supported by competent evidence and

are binding on appeal.” State v. Roberson, 163 N.C. App. 129, 132, 592 S.E.2d 733,

735-36 (2004).

 1. XIV Amendment and Article I § 19

 Pursuant to the Constitution of the United States, “[n]o State shall make or

enforce any law which shall ... deprive any person of life, liberty, or property, without

 -7-
 STATE V. BETHEA

 Opinion of the Court

due process of law. . . .” U.S. Const., amend. XIV, § 1. The North Carolina Constitution

provides that “[n]o person shall be . . . in any manner deprived of his life, liberty, or

property, but by the law of the land.” N.C. Const. art. I, § 19. Our Supreme Court

has held that “[t]he term ‘law of the land’ as used in Article I, Section 19, of the

Constitution of North Carolina, is synonymous with ‘due process of law’ as used in

the Fourteenth Amendment to the Federal Constitution.” Rhyne v. K-Mart Corp., 358

N.C. 160, 180, 594 S.E.2d 1, 15 (2004) (citation and quotations omitted).

 The Due Process Clause provides two types of protection: substantive and

procedural due process. See State v. Thompson, 349 N.C. 483, 491, 508 S.E.2d 277,

282 (1998).

 “‘Substantive due process’ protection prevents the government from engaging

in conduct that shocks the conscience, or interferes with rights implicit in the concept

of ordered liberty.” Id.

 Our established method of substantive-due-process
 analysis has two primary features: First, we have regularly
 observed that the Due Process Clause specially protects
 those fundamental rights and liberties which are,
 objectively, deeply rooted in this Nation’s history and
 tradition and implicit in the concept of ordered liberty, such
 that neither liberty nor justice would exist if they were
 sacrificed. Second, we have required in substantive-due-
 process cases a careful description of the asserted
 fundamental liberty interest.

Washington v. Glucksberg, 521 U.S. 702, 720-21, 138 L.Ed.2d 772, 787-88 (1997)

(citations and quotations omitted).

 -8-
 STATE V. BETHEA

 Opinion of the Court

 Although the trial court did check or select the box on the pre-printed AOC

form finding Petitioner “is not a current or potential threat to public safety[,]”section

14-208.12A(a1) allows a trial court to grant a petition for relief to register and

removal from the Registry Program only if:

 (1) The petitioner demonstrates to the court that he or she
 has not been arrested for any crime that would require
 registration under this Article since completing the
 sentence,

 (2) The requested relief complies with the provisions of the
 federal Jacob Wetterling Act, as amended, and any other
 federal standards applicable to the termination of a
 registration requirement or required to be met as a
 condition for the receipt of federal funds by the State, and

 (3) The court is otherwise satisfied that the petitioner is not
 a current or potential threat to public safety.

N.C. Gen. Stat. § 14-208.12A(a1) (emphasis supplied).

 The statute clearly states that upon a finding that a petitioner does not have a

dis-qualifying arrest and is not ineligible for relief under federal law, a trial court is

required to find a petitioner is not otherwise a “current or potential threat to public

safety” before it can exercise its discretion to grant relief. Here, the trial court

determined Petitioner did not have a disqualifying arrest and that he is ineligible for

relief under federal law.

 Reading the pre-printed “[t]he petitioner is not a current or potential threat to

public safety[,]” finding of fact on the AOC form in light of the language of section 14-

 -9-
 STATE V. BETHEA

 Opinion of the Court

208.12A, clarifies this finding of fact. The trial court did not find Petitioner is not a

current or potential threat to public safety without qualification, rather Petitioner is

not otherwise a current or potential threat to public safety beyond his ineligibility for

removal from the registry under federal law. The required findings are cumulative

and the court’s finding in Petitioner’s favor on one, some, or even most of the

requirements does not reduce Petitioner’s burden to show compliance with all

requirements.

 The incorporation of federal sex offender registration standards into section

14-208.12A(a1)(2) is rationally related to the government purpose of protecting public

safety, especially the protection and safety of minors and other victims, from sexual

offenders. Even though the trial court found Petitioner “is not otherwise a current or

potential threat to public safety,” section 14-208.12A identifies and classifies

Petitioner as a continuing threat to public safety under federal sex offender

standards. See N.C. Gen. Stat. § 14-208.12A(a1)(2). The Congress of the United

States enacted SORNA: “In order to protect the public from sex offenders and

offenders against children, and in response to the vicious attacks by violent predators

. . . . “ 42 U.S.C. § 16901.

 Petitioner’s assertion that he has “been judicially determined to be no threat

to the public” is a threshold finding that is required in the seven listed required

findings, in addition to compliance with section 14-208.12A, which limits what the

 - 10 -
 STATE V. BETHEA

 Opinion of the Court

trial court can conclude before it grants his requested relief. See N.C. Gen. Stat. § 14-

208.12A.

 B. Ex Post Facto

 Petitioner next contends the retroactive application of SORNA to section 14-

208.12A constitutes an ex post facto violation. We disagree.

 The enactment of ex post facto laws is prohibited by both the Constitution of

the United States and the North Carolina Constitution. See U.S. Const. art. I, § 10

(“No state shall . . . pass any bill of attainder, ex post facto law, or law impairing the

obligation of contracts . . . .”); N.C. Const. art. I, § 16 (“Retrospective laws, punishing

acts committed before the existence of such laws and by them only declared criminal,

are oppressive, unjust, and incompatible with liberty, and therefore no ex post facto

law shall be enacted.”). This prohibition against ex post facto laws applies to:

 1st. Every law that makes an action done before the
 passing of the law, and which was innocent when done,
 criminal; and punishes such action. 2d. Every law that
 aggravates a crime, or makes it greater than it was, when
 committed. 3d. Every law that changes the punishment,
 and inflicts a greater punishment, than the law annexed to
 the crime, when committed. 4th. Every law that alters the
 legal rules of evidence, and receives less, or different,
 testimony, than the law required at the time of the
 commission of the offence, in order to convict the offender.

State v. Wiley, 355 N.C. 592, 625, 565 S.E.2d 22, 45 (2002) (citations and quotation

omitted), cert. denied, 537 U.S. 1117, 154 L.E. 2d. 795 (2003). “Because both the

federal and state constitutional ex post facto provisions are evaluated under the same

 - 11 -
 STATE V. BETHEA

 Opinion of the Court

definition, we analyze defendant’s state and federal constitutional contentions

jointly.” Id. (citation omitted).

 Petitioner’s contention that the retroactive application of SORNA minimum

registration periods through section § 14-208.12A(a1)(2) constitutes an ex post facto

law was recently addressed by this Court in In re Hall, 238 N.C. App. at 329-33, 768

S.E.2d at 44-46. In Hall, the Court stated:

 This Court has held that Article 27A of Chapter 14 [N.C.
 Gen. Stat. § 14-208.5 et seq.] of our North Carolina General
 Statutes sets forth civil, rather than punitive, remedies
 and, therefore, does not constitute a violation of ex post
 facto laws. See [State v. Williams, 207 N.C. App. 499, 505,
 700 S.E.2d 774, 777-78 (2010)]. Therefore, in light of this
 Court’s prior decisions rejecting the argument that our sex
 offender registration statutes constitute an ex post
 facto law, we are bound to say that petitioner’s argument
 lacks merit.

Id. at 332, 768 S.E.2d at 46.

 In State v. Sakobie, 165 N.C. App. 447, 598 S.E.2d 615 (2004), this Court held

“the legislature did not intend that the provisions of Article 27A [to] be punitive [and]

. . . the effects of North Carolina’s registration law do not negate the General

Assembly’s expressed civil intent and that retroactive application of Article 27A does

not violate the prohibitions against ex post facto laws.” 165 N.C. App. at 452, 598

S.E.2d at 618 (citations omitted).

 We are bound by the precedents in Hall and Sakobie. “Where a panel of the

Court of Appeals has decided the same issue, albeit in a different case, a subsequent

 - 12 -
 STATE V. BETHEA

 Opinion of the Court

panel of the same court is bound by that precedent, unless it has been overturned by

a higher court.” In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

Petitioner’s argument that the extension of his registration period as a sex offender

through the incorporation of SORNA federal standards into N.C. Gen. Stat. § 14-

208.12A(a1)(2) is overruled.

 VI. Conclusion

 Petitioner has failed to show any reversible errors in the trial court’s order.

The order of the trial court is affirmed. It is so ordered.

 AFFIRMED.

 Judges ELMORE and STROUD concur.

 - 13 -